**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
**IVM CORP.,**                          :
                                        :
         **Plaintiff,**                 :         **Civil Action No. 13-3902 (KM)**
                                        :
    **v.**                              :
                                        :
**ZUELLIG GROUP N.A., INC., et al.**    :         **REPORT AND RECOMMENDATION**
                                        :
         **Defendants.**                :
_____:

**HAMMER, United States Magistrate Judge**

I.    INTRODUCTION

This matter comes before the Court on Plaintiff IVM Corporation's ("IVM" or "Plaintiff")

motion to remand and for fees and costs, and on Defendant Bi Nutraceuticals' ("BIN" or

"Defendant") application for sanctions pursuant to Federal Rule of Civil Procedure 11.  Mot., ECF

No. 7.  The Honorable Kevin McNulty, United States District Judge, referred the motion to the

undersigned for Report and Recommendation.  Pursuant to Federal Rule of Civil Procedure 78, the

Court did not hold oral arguments.  For the reasons that follow, the Undersigned respectfully

recommends that the Court deny Plaintiff's motion to remand  and for fees and costs pursuant to 28

U.SC. § 1447(c), and deny Defendant's motion for sanctions pursuant to Federal Rule of Civil

Procedure 11.

## II. BACKGROUND

IVM Corporation brought suit against BIN, Edward Bond, and Paul Koether in New Jersey Superior Court, Chancery Division, Bergen County.[1]  Notice of Removal, ECF No. 1.  BIN held a mortgage for property owned by IVM and the parties disputed whether that mortgage had been satisfied.  Def. Notice of Removal, Ex. A, ECF No.3 at ¶ 16.  IVM argued that the mortgage had been satisfied and brought the state court action to have BIN "equitably estopped" from claiming any balance due and compelling the discharge for the mortgage.  Compl. at ¶ 22 (attached as Exhibit A to Notice of Removal, ECF No. 1).  At the time there was not complete diversity because defendant Edward Bond was a citizen of the state of New Jersey, as was Plaintiff.  On May 21, 2013, stipulations of dismissal were filed in the state court action as to defendants Bond and Koether.  Notice of Removal, ECF No. 1, Exhibits C and D.  BIN removed the matter on June 25, 2013.  Id.  IVM was incorporated and contains its principal place of business in New Jersey (Notice of Removal, ECF No. 1, at ¶ 9).  BIN (the only remaining defendant) was incorporated and its principal place of business is in California (Id. at ¶ 10).  BIN claims that more than $788,000 is owed on the mortgage, which IVM disputes.  Id. at ¶ 16.

BIN also filed a third-party complaint against Naturex, Inc., ("Naturex") claiming that both IVM and Naturex owe the remaining balance on the mortgage.  BIN Third-Party Compl., ECF No. 1, attached as Exhibit B to Notice of Removal.  Naturex is a corporation existing under the laws of Delaware and has its U.S. headquarters in New Jersey.  Def. Notice of Removal, Ex. A, ECF No. 3 at ¶ 11.

---

[1] Bi Nutraceuticals, Inc. ("BIN") is the successor in interest to Zuellig Group, the original defendant, which is now defunct.  Notice of Removal, ECF No. 1 at 2.

IVM brings this motion to remand claiming that BIN destroyed diversity of citizenship by adding Naturex as a third-party defendant. Plaintiff IVM has not brought any claims against Naturex. The only claims as to Naturex are between BIN and Naturex. In such a situation, a third-party defendant, even if not diverse as to a plaintiff, will not destroy diversity. Nor is such third-party defendant considered a "defendant" for purposes of the interpreting the removal statute, 28 U.S.C. § 1441. Thus, the Court recommends that the Court deny Plaintiff's motion.

## III.   DISCUSSION

As an initial matter, the Court notes that a decision to remand is dispositive. In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.") Accordingly, the Court respectfully submits the following Report and Recommendation to United States District Judge Kevin McNulty.

Removal of a civil case to federal court is governed by 28 U.S.C. § 1441. A defendant may remove an action brought originally in state court only if the plaintiff could have filed the complaint within the original jurisdiction of the federal court. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . ."). A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c); see Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010) (noting that federal courts can neither proceed without subject matter jurisdiction, nor can a party waive a lack of

jurisdiction).  The party asserting federal jurisdiction by way of removal bears the burden of establishing that subject matter jurisdiction exists at all stages in which the case is properly before the federal court.  Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).  Section 1441 is to be construed strictly.  Id.  All doubts must be resolved in favor of remand.  Id. (stating that courts construe § 1441 strictly to honor "the Congressional intent to restrict federal diversity jurisdiction"); Batoff v. State Farm Ins.  Co., 977 F.2d 848, 851 (3d Cir. 1992).

For removal based on diversity of citizenship, as here, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006), see also 28 U.S.C. § 1332(a)(1) (stating that subject matter jurisdiction exists where "matter in controversy exceeds the sum or value of $ 75,000" and the parties are "citizens of different states").  Here the parties are corporations.  For purposes of determining whether there is diversity of citizenship, each corporation is a citizen of the state where it was incorporated and where "it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Plaintiff does not dispute that there is complete diversity between IVM and BIN.  Rather, Plaintiff argues that BIN's joinder of Naturex as a third-party defendant destroyed diversity.

The Third Circuit has said that a "third-party defendant . . . does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state."  Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 169 (3d Cir. 1999); McKinley v. Skyline Corp., 900 F.Supp.2d 408, 410 (D.N.J. 2012); N.H. Ins. Co. v. Diller, 678 F.Supp.2d 288, 292 n.2 (D.N.J. 2009) ("[I]it is not required that diversity of citizenship exist

between the third-party defendant and the plaintiff, or that diversity of citizenship exist between

defendant, as third-party plaintiff, and the third-party defendant.") King Fisher Marine Serv. v. 21st

Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir. 1990) (finding that "a court has ancillary

jurisdiction of a [defendant] . . . against a third-party defendant without regard to whether there is

an independent basis of jurisdiction (e.g., diversity between the third-party litigants), so long as the

court has jurisdiction of the main claim between the original parties"). Thus, the citizenship of

Naturex is irrelevant for determining whether complete diversity exists.[2]

For these same reasons, Plaintiff cannot avail itself of 28 U.S.C. § 1441(b)(2), which states:

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of

this title may not be removed if any of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought."  Naturex is headquartered in

New Jersey.  Notice of Removal, ECF No. 1 at ¶ 11.  But similar to determining diversity, a third-

party defendant is not considered a defendant for purposes of applying § 1441.  See Smith v.

Philadelphia Transp. Co., 173 F.2d 721, 724 n.2 (3d Cir. 1949) (finding that bringing in a third-

party defendant "does not make him a defendant as against the other original plaintiffs, but only as

---

[2] IVM also argues that there is no federal question jurisdiction.  The Court need not address this issue as it is clear that it has subject matter jurisdiction based on the diversity fo the parties.  IVM also asks the Court to abstain from exercising jurisdiction because of a "pending state court action" pursuant to Younger v. Harris, 401 U.S. 37 (1971).  There is no pending state court action.  The pending state action to which IVM refers is the present action, which is no longer in state court as it has been removed.  See Georgia v. Rachel, 384 U.S. 780, 798 (1966) ("After notice is given to all adverse parties and a copy of the petition is filed with the state court, removal is effected an state court proceeding cease unless the case is remanded."); Turner v. Bank of Am. Hoe Loans, No. 11-465, 2011 U.S. Dist. LEXIS 68298, at *5–7 (D. Nev. June 24, 2011) (finding that Younger abstention does not apply because there were no "ongoing state-initiated proceedings because the state court proceedings were terminated once they were removed").

against the third-party plaintiff"); <u>Witasick v. Hambrecht</u>, 2013 U.S. Dist. LEXIS 41209, at *7 n.3 (D.N.J. Mar. 25, 2013) ("[I]n assessing whether complete diversity of citizenship exists between the parties . . . the Court need not consider the citizenship of the [third-party defendant] because '[a] third-party defendant . . . does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state.'") (citing <u>Spring City Corp.</u>, 193 F.3d at 169); <u>Univ. Of Chicago Hosp. & Med. Ctr. V. Rivers</u>, 1988 U.S. Dist. LEXIS 13761, *650 (N.D. Ill. Dec.1, 1988) (holding that a third-party defendant is not a "defendant" within the meaning of § 1441).

Accordingly, diversity of citizenship exists in the instant action because plaintiff is a citizen of New Jersey and the only remaining defendant, BIN, is a citizen of California. Therefore, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and BIN properly removed this action pursuant to 28 U.S.C. § 1441.[3]

---

[3] Given that the removal was proper and diversity jurisdiction exists in this case, plaintiff's application for fees pursuant to 28 U.S.C. § 1447(c) necessarily fails. Although Defendant correctly asserts that removal was proper, and Plaintiff's arguments are unavailing, the Court recommends that the District Court, in its discretion, deny Defendant's request to impose sanctions pursuant to Rule 11.

IV.    CONCLUSION

For the reasons above, the Undersigned respectfully recommends that the Court deny

Plaintiff's motion to remand and for fees and costs pursuant to 28 U.SC. § 1447(c), and deny

Defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11.

The parties have fourteen days to file and serve objections to this Report and

Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).


Date: July 29, 2013                              *s/Michael A. Hammer*
                                                 UNITED STATED MAGISTRATE JUDGE