## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVM CORP., | Civ. No. 2:13-3902 (KM) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION &** |
| | **ORDER** |
| ZUELLIG GROUP N.A., INC., *et al.*, | |
| **Defendant.** | |

**THIS MATTER** having been opened to the Court by Plaintiff IVM Corporation ("IVM"), through its counsel, Anthony J. Cariddi, Esq., of Chandless, Weller & Kramer, on a Motion for Remand this case following its removal from State court [Docket No. 1]; and Defendant/Counterclaimant/Third-Party Plaintiff BI Nutraceuticals, Inc. (as successor to Zuellig Group N.A., Inc.) ("BIN"), through its counsel, John Maloney, Esq., of Graham Curtin, P.A., having submitted papers in opposition to the Motion and a Cross-Motion for Costs and Fees [Docket No. 8]; and IVM having filed a reply brief and an opposition to the Cross-Motion [Docket No. 9]; and, on July 29, 2013, Magistrate Judge Hammer having submitted a Report and Recommendation (the "R&R") [ECF No. 10]; and the parties having filed no objection to the R&R; and the Court, pursuant to Federal Rule of Procedure 78, having considered all of the foregoing and other documents in the record; and for good cause appearing; the Court decides as follows:

(1) The Notice of Removal, filed by defendant BIN, invokes diversity jurisdiction because (a) IVM is a New Jersey corporation with a principal place of business in New Jersey and BIN is a California corporation with a principal place of business in California, and (b) the amount in controversy exceeds $75,000.[1] *See* 28 U.S.C. § 1332. The Notice of Removal was timely filed after stipulations of dismissal had been filed in state court with regard to two individual defendants,

---

[1] BIN claims that over $788,000 is owed on a mortgage it held on a property owned by IVM. (Notice of Removal ¶ 16). IVM brought the state court action to have BIN equitably estopped from claiming any balance due and to compel a discharge of the mortgage. (R&R at 2).

one of whom, Edward Bond, was a citizen of New Jersey.

(2) I summarize Magistrate Judge Hammer's decision as follows. IVM and BIN are citizens of different states and the amount-in-controversy requirement is plainly met. IVM claims, however, that BIN's joinder of Naturex, Inc. ("Naturex"), as a third-party defendant destroys diversity because Naturex is a Delaware corporation with its U.S. headquarters in New Jersey. Magistrate Judge Hammer rejected this argument based on well-established Third Circuit law that a "'third-party defendant . . . does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state.'" (R&R at 4 (quoting *Spring City Corp. v. American Blgs. Co.*, 193 F.3d 165, 169 (3d Cir. 1999))). Similarly, Magistrate Judge Hammer determined that IVM could not base its argument on 28 U.S.C. § 1441(b)(2) because a third-party defendant is not considered a defendant for purposes of § 1441. (R&R at 5 (citing, *inter alia*, *Smith v. Philadelphia Transp. Co.*, 173 F.3d 721, 724 n.2 (3d Cir. 1999))). Based on finding that diversity jurisdiction existed, Magistrate Judge Hammer then rejected (a) IVM's contention that the lack of federal question jurisdiction required remand and (b) IVM's request that the court abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) because the "pending state action to which IVM refers is the present action, which is no longer in state court as it has been removed." (R&R at 5 (citing *Georgia v. Rachel*, 384 U.S. 780, 798 (1966))). Because removal was proper and diversity jurisdiction exists, Magistrate Judge Hammer rejected IVM's application for fees pursuant to 28 U.S.C. § 1447(c). (R&R at 6 n.3). As to BIN's Cross-Motion for Costs and Fees pursuant to Federal Rule of Civil Procedure 11, Magistrate Judge Hammer recommended that the Court use its discretion to deny the cross-motion.

(3) Neither party has filed an objection to the R&R within fourteen days of July 29, 2013, when it was filed and served. *See* Local Civil Rule 72.1(c) (14-day deadline for objections).

(4) This Court reviews the Magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also U.S. v. Raddatz*, 447 U.S. 667, 680 (1980)

(stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).

(5) If there are no objections, the district court has discretion to choose an appropriate standard of review. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the federal statute neither prohibits nor requires a particular standard if no objections are filed); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). At a minimum, "[w]hat is not objected to, the district court reviews under the plain error or manifest injustice standard." *Megaparts v. Highcom Security*, No. 09-4052, 2010 U.S. Dist. LEXIS 63497, at *4 (D.N.J. June 25, 2010); *see, e.g., Banks v. Gallagher*, 686 F. Supp. 2d 499, 505 (M.D. Pa. 2009); *Cruz v. Chater*, 990 F. Supp. 375, 376–78 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

(6) The standard of review, however, is not critical. I agree with the reasons put forth by Magistrate Judge Hammer that diversity jurisdiction exists. Further, as Magistrate Judge Hammer suggested, awarding BIN costs and fees under Rule 11 would not be appropriate. The Third Circuit has authorized such sanctions only in the "'exceptional circumstance' . . . where a claim or motion is patently unmeritorious or frivolous". *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); *see also Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987) ("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation"). And even where such exceptional circumstances exist, the court is merely authorized, not required, to impose sanctions. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (citing *Doering*, 857 F.2d at 194). IVM's Motion to Remand, although denied, was not vexatious or frivolous; like Magistrate Judge Hammer, I would exercise my discretion not to impose sanctions under these circumstances. In short, I adopt the well-reasoned conclusions of Magistrate Judge Hammer in all respects.

**IT IS THEREFORE** this 20th day of August, 2013,

**ORDERED** that Magistrate Judge Hammer's R&R is adopted in full; and it is therefore

**ORDERED** that IVM's Motion for Remand is **DENIED;** and

**ORDERED** that BIN's Cross-Motion for Costs and Fees is **DENIED**.

**KEVIN MCNULTY, U.S.D.J.**